**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL DEMETRIUS BAILEY, | No. 08-55463 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-00225-SJO-JC |
| v. | |
| D. D. COX, Lieutenant; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted November 17, 2009[**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Michael Demetrius Bailey, a California state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due

process violations arising from a disciplinary proceeding and placement in

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

segregated housing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment on qualified immunity grounds on Bailey's claims against defendant Cox because the law was not clearly established that the conditions to which Bailey was exposed in segregated housing imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Serrano v. Francis*, 345 F.3d 1071, 1081 (9th Cir. 2003).

The district court properly granted summary judgment on Bailey's claims against the remaining defendants because Bailey failed to raise a triable issue as to whether these defendants proximately caused the injury of which Bailey complains. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which the plaintiff complains.") (internal quotation marks and citation omitted) (emphasis in original).

Bailey's remaining contentions are unpersuasive.

**AFFIRMED.**